IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE MADRID,

    Plaintiff,

vs.                                                                                                                     No. 1:25-cv-00029-MLG-LF

WELLS FARGO BANK,
NATIONAL ASSOCIATION, et al.,

    Defendants.

## ORDER

THIS MATTER is before the Court on the motion to dismiss filed by defendants Wells Fargo and Michael Santomassimo, Doc. 4, and pro se plaintiff Jose Madrid's two motions to amend his complaint, Docs. 6, 8. United States District Judge Matthew Garcia referred this case to me under 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend this case's ultimate disposition. Doc. 27. All three motions are denied as moot.

## BACKGROUND

In November 2024, Mr. Madrid filed a pro se complaint against Wells Fargo and Mr. Santomassimo (Wells Fargo's Chief Financial Officer) in New Mexico state court seeking a "release" from his mortgage and punitive damages because of alleged "breach of contract," "fraud, conspiracy, racketeering, coercion, and collusion." Doc. 1-1 at 4.

Defendants removed the case to this Court on January 10, 2025, under diversity jurisdiction and moved to dismiss Mr. Madrid's complaint on January 16 for failure to state a claim, improper service on Mr. Santomassimo, and lack of personal jurisdiction over Mr. Santomassimo. Doc. 4.

Instead of responding to the motion to dismiss, Mr. Madrid filed a motion to amend his complaint, Doc. 6, and an amended complaint on January 30, Doc. 7. One day later, Mr. Madrid also filed a second motion to amend his complaint, Doc. 8, and a second amended complaint, Doc. 9, along with a motion to dismiss Mr. Santomassimo from this lawsuit, Doc. 10.

Defendants responded to each motion. Docs. 18, 19, 21. Defendants first asserted that Mr. Madrid's motion to dismiss Mr. Santomassimo should be treated as a self-effectuating voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) and that defendants did not otherwise oppose Mr. Santomassimo's dismissal. Doc. 18. Defendants next opposed the first motion to amend the complaint as moot because Mr. Madrid filed a second motion to amend the complaint one day later. Doc. 19. Last, defendants opposed Mr. Madrid's second motion to amend the complaint, contending that amendment would be futile. Doc. 21.

On April 23, 2025, Judge Garcia granted Mr. Madrid's motion to dismiss Mr. Santomassimo without prejudice and referred this case to me on April 28. Docs. 26–27.

## ANALYSIS

I deny Wells Fargo's motion to dismiss and both of Mr. Madrid's motions to amend as moot. Under Federal Rule of Civil Procedure 15(a)(1)(B), a "party may amend its pleading once as a matter of course" for up to "21 days after service of a motion" to dismiss under Rule 12. In other words, plaintiffs have an "automatic right to amend a complaint within 21 days of a responsive motion." *Franco v. Bill Davis Trucking, Inc.*, No. 1:24-cv-01052-KWR-SCY, 2025 WL 370568, at *2 (D.N.M. Feb. 3, 2025). The filing of a timely amended complaint as a matter of course under Rule 15(a)(1)(B) renders a motion to dismiss the prior complaint moot. *Id.* at *3; *see also, e.g.*, *Cardona v. Enmur*, No. 2:25-cv-00438-KWR-GJF, 2025 WL 1869234, at *1 (D.N.M. July 7, 2025) ("It is well-established that an amended complaint supersedes the original

complaint and renders the original complaint of no legal effect," and "[b]ecause the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." (citations omitted)).

In this case, defendants filed their Rule 12 motion to dismiss on January 16, 2025, and Mr. Madrid filed his second amended complaint 15 days later, on January 31—well within the 21-day time limit for amendment as a matter of course under Rule 15(a)(1)(B). *See* Docs. 4, 9. Consequently, Mr. Madrid's second amended complaint (Doc. 9) is the operative complaint in this case by operation of law, and no motion to amend was necessary. Mr. Madrid's motions to amend (Docs. 6 and 8) are therefore denied as moot. *Franco*, 2025 WL 370568, at *3 (same result). Likewise, because Mr. Madrid's second amended complaint was "properly filed" under Rule 15(a)(1)(B), defendants' Rule 12 motion to dismiss "no longer applies to the most current" complaint and is accordingly denied as moot as well. *Id.* "Defendant[s] may file a new motion in compliance with the Federal Rules of Civil Procedure to address" the second amended complaint, or they "may file an answer" to the second amended complaint, under the time limits set by Rule 12—*i.e.*, no later than 21 days from the date of this order. *Id.* at *4.

## CONCLUSION

Defendants' motion to dismiss (Doc. 4) and Mr. Madrid's motions to amend his complaint (Docs. 6, 8) are denied as moot.

_____
Laura Fashing
United States Magistrate Judge